# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| CHELSIE LEKENS, JACOB LEKENS, OLIVIA LEE, and ROBIN BANKS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CAUSE NO: 4:20-cv-228<br>) |
| SWIFTY FARMS, INC., | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiffs, Chelsie Lekens (hereinafter "Chelsie"), Jacob Lekens ("Jacob"), Olivia Lee ("Lee") and Robin Banks ("Banks") (Collectively, "Plaintiffs") by undersigned counsel, and hereby file this lawsuit against the Defendant, Swifty Farms, Inc. ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Indiana Common Law.

## PARTIES

2. Plaintiffs have resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation that operates and conducts business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and § 1343, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. 1367

5. Plaintiffs Chelsie, Jacob and Lee were an "employees" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiffs satisfied their obligation to exhaust administrative remedies, having timely filed a Charges of Discrimination with the Equal Employment Opportunity Commission. Plaintiffs received their "Dismissal and Notice of Rights" on said Charge and now timely file this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff Jacob, Chelsie and Lee were employees on Defendant's horse farm. As part of their employment they were required to maintain residence on Defendant's farm located in Jackson County, IN.

10. Jacob and Chelsie are married. Banks is Chelsie's mother and Jacob's mother-in-law.

11. At all times relevant, Jacob, Chelsie and Lee met or exceeded Defendant's legitimate performance expectations.

12. Jacob, Chelsie and Lee accepted employment with Defendant between June and September 2018. Jacob was hired first and he and Chelsie moved into a house on Defendant's property. Lee later accepted employment after Jacob's recommendation and moved into a house next to Jacob and Chelsie's house. Finally, Chelsie was hired after helping Jacob perform his duties occasionally.

13. In or about October, 2018, Defendant hired David Brent Taylor ("Taylor") as a farm laborer. Taylor moved into a house near Lee's and Jacob and Chelsie's homes.

14. Initially, Lee, Chelsie and Jacob made efforts to reach out to Taylor and make him feel welcomed. However, after some time passed, Taylor engaged in several harassing behaviors aimed primarily at Lee and Chelsie.

15. Taylor's discriminatory and harassing behavior included, but was not limited to, unwanted physical touching, touching of the upper thigh, unwanted propositions for sex, unwanted propositions for dates, threatening statements regarding weapons Taylor owned, threatening retribution if anyone confronted him and cornering and isolating Lee and Chelsie making them fear for their safety.

16. Taylor's discriminatory and harassing behavior was based on Lee and Chelsie's sex (female).

17. After several incidents made it clear that Taylor's behavior would continue, Chelsie consulted Jacob who advised her and Lee to complain to Defendant regarding Taylor's behavior. Lee and Chelsie complained verbally to Defendant on at least two occasions. Lee and Chelsie's complaints to Defendant regarding Taylor constituted statutorily protected activity.

18. Taylor's behavior continued towards Lee and Chelsie uninhibited and Defendant took no actions to address Taylor's behavior or Lee and Chelsie's concerns. To the contrary, Taylor directly threatened Chelsie after cornering her in a barn.

19. Having received no response from their employer, and being forced to continue to not only work with Taylor but live next to him, Chelsie and Lee determined that their only option was to contact law enforcement regarding Taylor's behavior and threats. Prior to working with

Defendant, Taylor had recently been released from prison and was on parole. Chelsie and Lee contacted Taylor's parole officer and informed him of their concerns.

20. Neither Chelsie nor Lee filed a police report or requested that Taylor's parole officer take any specific actions. Approximately one week after Chelsie and Lee contacted the parole officer, several police officers appeared at Defendant's property, searched Taylor's home and arrested Taylor.

21. Taylor was preliminarily charged with multiple parole violations. However, days later these charges were dropped and Taylor was released. Taylor returned to Defendant's property and began living near and interacting with Chelsie, Lee and Jacob again.

22. Almost immediately following his return, Lee was terminated. Approximately one week later, Chelsie and Jacob were terminated. Initially, Defendant gave no reason for the terminations. Later, Defendant would claim that the terminations were due to allegedly filing "false reports" with law enforcement.

23. Chelsie and Lee were fired because of their sex and because they had engaged in statutorily protected activity. Jacob was fired because he had advised Chelsie and Lee to engaged in statutorily protected activity and because he was associated with Chelsie and Lee.

24. The reasons given by Defendant for the terminations are pretext for discrimination and retaliation.

25. Upon learning of the terminations, Banks contacted Defendant and left a message stating that she believed Defendant's actions were unlawful and that the Plaintiffs would be seeking an attorney and pursing claims for sex discrimination and retaliation against the Defendant.

26. However, before Plaintiffs could do so, Defendant filed a frivolous and malicious law suit ("law suit") against the Plaintiffs alleging "misrepresentation," "defamation," "Employee Sabotage/Breach of Fiduciary Duty" and seeking "injunctive relief." *See Swifty Farms Inc. vs. Chelsie Lekens et.al, 36D01-1902-000002* (Jackson County Superior Court). Two of these claims were dismissed at the Motion to dismiss stage. The remaining claims remain in litigation.

27. Defendant brought the law suit in retaliation to the Plaintiff's engagement in statutorily protected activity.

28. Defendant brought the law suit not to seek damages for wrongs suffered, but rather to generate false leverage in the hopes that Plaintiffs would agree to drop their claims.

29. Defendant brought the law suit with malicious intent and of the desire to cause Plaintiff's emotional distress.

## COUNT I

### TITLE VII – SEX DISCRIMINATION as to CHELSIE AND LEE

30. Plaintiffs hereby incorporate paragraphs 1 – 29 of their Complaint.

31. Defendant took adverse employment actions against Chelsie and Lee because of their sex.

32. Defendant treated similarly-situated, male employees more favorably than it treated Chelsie and Lee.

33. Defendant terminated Chelsie and Lee because of their sex.

34. Defendant's unlawful actions were intentional, willful and done in reckless disregard of Burk's rights under Title VII.

35. Plaintiffs have been and continue to be harmed as a result of Defendant's unlawful actions.

## COUNT II

## TITLE VII – RETALIATION as to CHELSIE, JACOB AND LEE

36. Plaintiffs hereby incorporate paragraphs 1 – 35 of their Complaint.

37. Plaintiffs engaged in statutorily-protected activities before their termination or were associated with employees that did so.

38. Defendant took adverse employment actions and filed a retaliatory lawsuit against Plaintiffs in retaliation for their engagement in these statutorily-protected activities.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiffs' rights as protected by Title VII.

40. Plaintiffs have been and continue to be harmed as a result of Defendant's unlawful actions.

## COUNT III

## ABUSE OF PROCESS as to ALL PLAINTIFFS

41. Plaintiffs hereby incorporate paragraphs 1 – 40 of their Complaint.

42. Defendant filed its complaint in the law suit with an ulterior motive.

43. The filing of the complaint was initiated by Defendant for purposes other than that for which it was designed.

44. Plaintiffs have been and continue to be harmed as a result of Defendant's abuse of process.

## COUNT IV

## MALICIOUS PROSECUTION as to ALL PLAINTIFFS

45. Plaintiffs hereby incorporate paragraphs 1 – 44 of their Complaint.

46. Defendant initiated in unlawful prosecution of Plaintiffs when it filed its Complaint in the law suit.

47. Defendant acted with malice when it filed its Complaint

48. Defendant did not have probable or just cause to initiate its law suit.

49. The law suit, as to at least two of the counts, were terminated in the plaintiff's benefit.

50. Plaintiffs have suffered and continue to suffer harm as a result of Defendant's malicious prosecution.

## COUNT V

## INTENTIONAL INFLICTION OF EMTIONAL DISTRESS as to ALL PLAINTIFFS

51. Plaintiffs hereby incorporate paragraphs 1 – 50 of their Complaint.

52. Defendant engaged in extreme and outrageous conduct aimed at the Plaintiffs.

53. Defendant's conduct in this regard was intentional and/or reckless

54. Defendant's conduct caused severe emotional distress to the Plaintiffs.

55. Plaintiffs have been and continue to be harmed by Defendant's intentional infliction of emotional distress.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs, Chelsie Lekens, Jacob Lekens, Olivia Lee and Robin Banks, respectfully request that this Court find for them and order that:

1. Defendant reinstate Plaintiffs or pay front pay and benefits to her in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiffs;

3. Defendant pay compensatory and punitive damages to Plaintiffs;

4. Defendant pay pre- and post-judgment interest to Plaintiffs;

5. Defendant pay punitive damages to Plaintiffs

6. Defendant pay Plaintiffs' attorneys' fees and costs incurred in this action; and

7. Defendant pay to Plaintiffs any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin (7576-49)
Keenan D. Wilson (32195-49)
Samuel M. Adams (28437-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
E-Mail: jhaskin@jhaskinlaw.com
E-Mail: kwilson@jhaskinlaw.com
E-Mail: sadams@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Chelsie Lekens, Jacob Lekens, Olivia Lee and Robin Banks, respectfully request a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin (7576-49)
Keenan D. Wilson (32195-49)
Samuel M. Adams (28437-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:     (317) 955-9500
Facsimile:      (317) 955-2570
E-Mail:          jhaskin@jhaskinlaw.com
E-Mail:          kwilson@jhaskinlaw.com
E-Mail:          sadams@jhaskinlaw.com